IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID B. CASSELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SOCIAL SECURITY ADM. | : | NO. 16-4851 |

MEMORANDUM

KEARNEY, J.                                                                    SEPTEMBER 14, 2016

David B. Cassell, acting *pro se*, sues the Social Security Administration (SSA) alleging "[he] was misdiagnosed as mentally retarded" and as a result, his "human rights were violated."[1] He indicates his "case was in the federal court [in] 2009," and suggests he discussed settlement but "was given a run around for [his] payment."[2] Mr. Cassell contends he was "tortured" and "beaten" in addition to being diagnosed as mentally retarded, although he does not elaborate on those allegations. He alleges SSA discontinued his benefits.[3] He seeks $30 million to "compensate [him] for damages done to [his] life" and for violating his "civil rights and human rights."[4] Mr. Cassell attached his undated letter to the SSA stating he intended to sue them "for 30 million dollars for misdiagnosing [him] as mentally retarded to the point of not being [able] to function, work or travel independently of supervisions[, which] has caused [him] much pain and suffering." Mr. Cassell also asserts the SSA discontinued his benefits, causing him "grief." We dismiss his complaint as the SSA is immune for most of his claims or they are otherwise barred for failure to exhaust administrative remedies or, if he did, his claims are time-barred.

## I.

A review of public dockets confirms Mr. Cassell initiated a civil action in 2008 against SSA and others, claiming the SSA misdiagnosed him as mentally retarded and discontinued his benefits.[5] The district court dismissed his claims against the SSA for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) because, if Mr. Cassell sought reinstatement of his benefits, he failed to exhaust administrative remedies with the SSA and, if he sought damages stemming from the SSA's benefits determination, he failed to file a grievance with the SSA consistent with the Federal Tort Claims Act (FTCA).[6] Our Court of Appeals affirmed the dismissal of Mr. Cassell's claims against the SSA because he failed to exhaust administrative remedies.[7]

## II.

As Mr. Cassell proceeds *in forma pauperis*, we are required to screen his complaint under 28 U.S.C. § 1915(e) to determine whether, among other things, he fails to state a claim or seeks monetary relief from an immune defendant. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] "[M]ere conclusory statements[] do not suffice."[9] Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[10] As Mr. Cassell is proceeding *pro se*, we liberally construe his allegations.[11]

Although the manner in which the complaint is pled makes it somewhat difficult to ascertain the precise factual basis for Mr. Cassell's claims, we understand he is seeking monetary damages for physical and emotional injuries caused by the SSA's misdiagnosis and termination of his benefits. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."[12] We cannot find a basis for concluding the Federal Government waived sovereign immunity. To the extent the complaint can be construed to raise claims against the

SSA for violating Mr. Cassell's constitutional or federal rights under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), *Bivens* does not provide a damages remedy against a federal agency.[13]

Mr. Cassell is not citing the Social Security Act's limited waiver of the SSA's sovereign immunity to allow for challenges to final decisions of the SSA in connection with social security benefits determinations.[14] Instead, it appears, in the wake of his prior lawsuit, Mr. Cassell seeks damages under the FTCA for injuries allegedly sustained as a result of the SSA's decision. The SSA is not subject to suit under the FTCA for such claims because § 405(g) "provides the exclusive avenue for judicial review of the SSA's determinations."[15] Even if we could somehow construe the complaint to raise claims under § 405(g), it is not clear Mr. Cassell exhausted administrative remedies before filing suit or, if he did, his claims are timely.[16]

### III.

We dismiss Mr. Cassell's complaint in the accompanying Order. Mr. Cassell will not be given leave to amend because an amendment is futile.

---

[1] (Compl. ¶ III.C.)

[2] (*Id.*)

[33] (*Id.* ¶ IV.)

[4] (*Id.* ¶ V.)

[5] *Cassell v. City of Phila.*, E.D. Pa., No. 08-5460 (ECF Doc. No. 10, Feb. 9, 2009 Order at 2, ¶ (j).)

[6] (*Id.* at 3 ¶¶ (l)-(n).)

[7] *See Cassell v. City of Phila.*, 350 F. App'x 611, 612-13 & n.2 (3d Cir. 2009) (per curiam) (citing 42 U.S.C. § 405(g)).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[9] *Id.*

[10] Fed. R. Civ. P. 12(h)(3).

[11] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[12] *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

[13] *See Meyer*, 510 U.S. at 486.

[14] 42 U.S.C. § 405(g)

[15] In any event, the only appropriate defendant in a FTCA case is the United States. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). *Campbell v. Social Security Administration*, 446 F. App'x 477, 482 (3d Cir. 2011) (per curiam); *see also* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); *Langella v. Gov't of U.S.*, 6 F. App'x 116, 117 (2d Cir. 2001) ("Langella cannot bring his claims under the Federal Tort Claims Act because negligent mishandling of social security benefits is not cognizable under this statute."); *Glenn v. Soc. Sec. Admin.*, 110 F. Supp. 3d 541, 543 (D.N.J. 2015) ("Plaintiffs' Complaint, even liberally construed, does not challenge any final decision of the SSA, and 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from the discrimination and tort allegations asserted by Plaintiffs in this action.").

[16] *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").